# ORIGINAL



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 9 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

PROB. 12B
(7/93)

## United States District Court

### for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  JOHN H. GARSIDE          Case Number:  CR 04-00293HG-01

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
Chief U.S. District Judge

Date of Original Sentence: 4/7/2005

Original Offense:   <u>Count 1</u>:  Obstruction of Commerce by Robbery, in violation of 18 U.S.C. § 1951, a Class C felony

Original Sentence:   Thirty (30) months imprisonment followed by thirty-six (36) months of supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant shall have no contact with the owners and employees, past or present, of Kawamata Brothers Limited.  The defendant shall not enter any property owned by KBL, its owners and employees, past or present. The Court further ordered the offender to participate in an approved program for domestic violence.

Type of Supervision: Supervised Release      Date Supervision Commenced: 1/19/2007

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition**:        That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 1:**  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the

Prob 12B
(7/93)

2

Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 4:** Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

**Special Condition No. 5:** The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

## CAUSE

As the Court may recall, the offender was convicted of robbing his prior employment in Haleiwa, Hawaii, on 4/23/2004.

On 1/19/2007, the offender's term of supervised release commenced in this district. Additionally, on 1/31/2007, the offender commenced participation in substance abuse treatment and testing at Freedom Recovery Services, Inc. (FRSI). Since then, the offender violated the conditions of supervision as follows:

### Violation No. 1 - The Offender Admitted Using Cocaine and Methamphetamine on Multiple Occasions Prior to 2/27/2007, in Violation of the General Condition, Standard Condition No. 7, and Special Condition No. 1:

On 2/22/2007, FRSI informed this officer that the offender provided a urine specimen on 2/21/2007 as part of his substance abuse treatment regimen. The FRSI staff reported that the offender likely "flushed" prior to providing the specimen on 2/21/2007. In this regard, "flushed" is being used to identify the process of "diluting" a urine specimen by consuming liquids in excess to "filter out" traces of illicit substances from the urine.

Prob 12B
(7/93)

3

On 2/27/2007, this officer met with the offender at his employment and collected a urine specimen from the offender pursuant to the Violent Crimes Control Act (General Condition).  The urine specimen was then tested with the non-instrumented drug testing device (NIDTD) - MCC kit.  Subsequently, the test result was positive for cocaine and methamphetamine.  Because positive results with the NIDTD kits are considered "presumptive positive results," the urine specimen was sent to Scientific Testing Laboratories, Inc. (STLI), for confirmation.

Thereafter, this officer questioned the offender regarding the presumptive positive test result.  The offender admitted that on multiple occasions prior to 2/27/2007, he had used cocaine and methamphetamine.  In this regard, the offender related that he used "crack" cocaine twice during the last 2 weeks and "ice," or methamphetamine, four times during the last 2 weeks.  The offender further admitted that he was consuming large amounts of liquid to "flush" his system of the illicit drugs.

Subsequently, this officer advised the offender that he was in violation of his supervision for illicit drug use.  The offender was then instructed to report to his drug counselor to determine whether increased treatment was necessary.

On 2/27/2007, this officer consulted with the offender's drug counselor.  The counselor recommended the offender be assessed to determine whether he be placed in their low-intensive outpatient treatment program (LIOP) or their intensive outpatient treatment program.

On 2/28/2007, FRSI notified this officer that the offender also provided a urine specimen on 2/27/2007 as part of his substance abuse treatment regimen.  The specimen was tested with an NIDTD and was presumptive positive for cocaine and methamphetamine.  FRSI further reported that the offender's 2/27/2007 urine specimen was sent to STLI for confirmation.  Additionally, the offender's drug treatment counselor indicated the offender would likely benefit from LIOP.

On 3/13/2007, STLI informed this officer that both specimens collected on 2/27/2007 by this officer as well as FRSI were positive for cocaine and methamphetamine.

The offender commenced participation in LIOP on 3/14/2007.

**Violation No. 2 - The Offender's 3/13/2007and 3/26/2007 Urine Specimens Tested Positive for Cocaine, in Violation of Standard Condition No. 7 and Special Condition No. 1:**

On 3/14/2007, FRSI reported the offender's urine specimen collected on 3/13/2007 as part of his substance abuse treatment regimen tested presumptive positive for cocaine.  The urine specimen was subsequently sent to STLI for confirmation.

Prob 12B
(7/93)

4

On 3/20/2007, STLI informed this officer that the offender's 3/13/2007 urine specimen was positive for cocaine.

On 3/20/2007, this officer met with FRSI staff, including the offender's drug treatment counselor and Christian Boyens, M.D.  The counselor indicated that the offender was an active participant in LIOP as well as in his regular group counseling meetings that he was attending.  Additionally, the counselor reported the offender was participating in Narcotics Anonymous on a daily basis through the clean and sober home in which he was residing.  Furthermore, Dr. Boyens indicated the offender began a medication regimen of Welbutrin, as a part of drug treatment, to limit/deter the offender's physical cravings for cocaine, as well as to treat the offender for symptoms of depression.  Dr. Boyens indicated that it would be a period of several weeks before determining whether the Welbutrin curbed the offender's cravings for illicit drugs.  Additionally, the amount of Welbutrin would need to be increased depending on the offender's cravings.

On 3/26/2007, FRSI informed this officer that the offender's 3/26/2007 drug treatment urine specimen tested positive for cocaine and was sent to STLI for testing.

On 3/29/2007, this officer telephonically contacted the offender and advised him that this officer was inclined to request the Court to impose modifications to his supervision.  In particular, the modification to allow this officer to drug-test the offender more than three times during the term of supervised release pursuant to the Violent Crimes Control Act (General Condition) would allow this officer to test the offender whenever necessary, including as a risk control factor (suspicion of drug use) and/or for any missed drug treatment testing at FRSI.  Additionally, the modification to identify drug testing as a "part of" drug treatment and to prohibit alcohol use during drug treatment was necessary given the offender's admission that he had an alcohol history.

Furthermore, this officer advised the offender that this officer was also inclined to request the Court to impose a search condition given the offender admitted that he possessed and used cocaine and methamphetamine on multiple occasions, and a geographical restriction from the "Chinatown" Weed and Seed target area because the offender admitted that he would "pick up" the drugs from the target area.

The offender apologized for his actions.  He further agreed that the requested modifications would be beneficial to his sobriety.

On 4/2/2007, STLI informed this officer that the offender's 3/26/2007 urine specimen was positive for cocaine.  Based upon Dr. Boyens' statements, the Welbutrin may not have had affected the offender's physical cravings as of 3/26/2007 and/or needs to be increased.  Consequently, as of this date, this officer has not received any further reports of positive drug tests from FRSI.

At this time, the offender is employed full-time at Kakaako Kitchen and resides at a "clean and sober" residence in Honolulu.  Additionally, the offender is participating in drug treatment at FRSI at least 4 days during the week as well as support group

Prob 12B
(7/93)

5

meetings through the clean and sober residence. The offender also has commenced participation in domestic violence counseling as mandated by the Court.

Given the offender's responses to this officer's questioning and his reported active participation in LIOP at FRSI, it appears the offender is amenable to supervision and committed to addressing his drug dependency. Moreover, given that he is employed full-time and has had this particular employment since the start of supervision, the offender is not reliant on government subsidies or welfare.

It is recommended that the Court modify the conditions of supervision and take no action on the violations at this time. Although the violations are serious, the offender appears amenable to rehabilitation and sincere in his desire to participate in substance abuse treatment and testing. Additionally, continued treatment and testing will allow the offender to maintain his employment. Further, the modifications will allow this officer to drug test the offender should he fail to submit to a drug treatment test and/or for purposes of risk control, including suspicion of drug use.

The offender understands that continued drug use and/or missed treatment or testing sessions will not be tolerated.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 4/5/2007

Prob 12B
(7/93)

6

THE COURT ORDERS:

[✓ ]    The Modification of Conditions as Noted Above
[   ]    Other

_____
HELEN GILLMOR
Chief U.S. District Judge

4. 7. 07
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

General Condition:

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Special Condition No. 1:

That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 4:

Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

Special Condition No. 5:

The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
JOHN H. GARSIDE
Supervised Releasee

_____
4-4-07
Date